**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ramon SANDOVAL–BARAJAS, Defendant–Appellant.**

**No. 99–30130.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2000

Filed March 13, 2000

**854**

Christina Gerrish (argued), Assistant Federal Public Defender, Spokane, Washington, for the defendant-appellant.

John H. Chun (briefed), Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for the defendant-appellant.

1. 8 U.S.C. § 1326 (1994).

2. U.S.S.G. § 2L1.2(b)(1)(A).

Thomas O. Rice, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee.

Before: TROTT, KLEINFELD, and SILVERMAN, Circuit Judges.

KLEINFELD, Circuit Judge:

The issue in this case is whether violation of a Washington gun law is an aggravated felony for purposes of the federal sentencing guidelines.

### Facts

Sandoval–Barajas, a Mexican citizen, was convicted in state court in Washington of possession of a firearm by a non-citizen. He served a short jail sentence and was deported.

Subsequently he was caught in the United States, and pleaded guilty to another criminal entry into the United States.[1] His sentence was enhanced by sixteen levels because the guidelines provide for that adjustment if the alien was previously deported after conviction for an "aggravated felony."[2] He appeals the sentence. The only issue in this case is whether his Washington conviction was properly classified as an "aggravated felony" for purposes of this sentencing guideline.

### Analysis

We review *de novo* the district court's interpretations of the sentencing guideline and the aggravated felony statute.[3]

Sentencing is much harsher for an alien found in the United States after deportation if the conviction preceding his deportation was for an "aggravated felony."[4]

3. *See United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999).

4. U.S.S.G. § 2L1.2. That guideline states:

The Application Notes say " 'Aggravated felony' is defined at 8 U.S.C. § 1101(a)(43)."[5] That statute defines "aggravated felony" in sixteen lettered sub-sections, and many more sub-subsections. Some use the name of a common law crime, such as "murder" and "rape."[6] Some refer to *malum prohibitum* with the qualification "as defined in," such as "illicit trafficking in firearms or destructive devices (as defined in section 102 of Title 18)."[7] The subsection at issue used the phrase "as described in" rather than "as defined in." It says "an offense described in ... section 922(g) ... (5)."[8] Following all the lettered subsections, the statutory definition of "aggravated felony" says "[t]he term applies to an offense described in this paragraph whether in violation of Federal or State law."[9] Thus the question of whether Sandoval–Barajas was properly sentenced turns on whether his crime under Washington state law was "described" by 18 U.S.C. § 922(g)(5).

Here is the crime defined by the federal statute, 18 U.S.C. § 922(g)(5):

> (g) It shall be unlawful for any person
>
> .        .        .        .        .
>
> (5) who, being an alien, is illegally or unlawfully in the United States;
>
> .        .        .        .        .
>
> ... to ... possess in or affecting commerce, any firearm or ammunition.[10]

(a) Base offense level: 8
(b) Specific Offense characteristic
  (1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows ...:
    (A) If the conviction was for an aggravated felony, increase by 16 levels.
    (B) If the conviction was for (i) any other felony ... increase by 4 levels.
  *Id.*

**5.** U.S.S.G. § 2L1.2 Application Notes 1.

**6.** 8 U.S.C. § 1101(43)(A) (1994).

**7.** 8 U.S.C. § 1101(43)(C).

The Washington state statute under which Sandoval–Barajas had been convicted defines the crime in these words:

**9.41.170.   Alien's license to carry firearms—Exception**

(1) It is a class C felony for any person who is not a citizen of the United States to carry or possess any firearm, without first having obtained an alien firearm license from the director of licensing.[11]

Plainly the offense is not "defined in" the federal and state statute in the same way. But the federal statute says that this federal crime only has to be "described in"[12] the state statute, not "defined in" it.

Once Congress decided to allow state (and foreign) offenses to serve as predicates for the "aggravated felony" enhancement, as a practical matter it had to use some looser standard such as "described in" rather than the more precise standard of "defined in," if it wanted more than a negligible number of state offenses to count as aggravated felonies. Even for the most ancient felonies, such as murder and rape, different statutes use different language to define them.[13] Analogously, *Taylor v. United States*[14] points out that "the criminal codes of the States define burglary in many different ways."[15]

■ We held in *United States v. Lo-*

**8.** 8 U.S.C. § 1101(43)(E)(ii).

**9.** 8 U.S.C. § 1101(43).

**10.** 18 U.S.C. § 922(g) (1994).

**11.** Wash. Rev.Code § 9.41.170 (1998).

**12.** 8 U.S.C. § 1101(43)(E).

**13.** *Compare, e.g.,* Wash. Rev.Code §§ 9A.44.040, 050, 060 (1988) *with* Cal.Penal Code § 261 (1999).

**14.** 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

**15.** *Id.* at 580, 110 S.Ct. 2143.

*mas*[16] that to determine whether a prior state crime is an aggravated felony for purposes of the sentencing guideline at issue, we look at the state statutory definition of the crime rather than the underlying factual circumstances, to determine whether it is the crime referred to in the federal statute.[17] We have no occasion to determine what effect the indictment, jury instructions or a plea colloquy in the state case might have,[18] (*Taylor* suggests in a comparable context that the "categorical approach ... may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of" the federally denoted crime[19] ) because Sandoval–Barajas did not go to trial, and his state plea colloquy was not made part of the record. "Thus, the issue is not whether [the] actual conduct constituted an aggravated felony, but whether the *full range* of conduct encompassed by [the state statute] constitutes an aggravated felony."[20]

■ In this case, the federal crime of possession of a gun by an illegal alien[21] does not describe the crime defined by the Washington statute. One obvious difference is that the federal statute requires an interstate or foreign commerce element, but the Washington statute does not. We need not decide whether this matters, or whether it is merely a jurisdictional basis not essential to whether the state crime is an aggravated felony.

Another difference is that the federal statute applies only to some aliens, those who are "illegally or unlawfully in the United States,"[22] but the Washington statute applies to all aliens, "any person who is not a citizen." This difference matters, especially when put in the context of the rest of the Washington statute. The Washington statute does not prohibit aliens from possessing firearms; it requires aliens to obtain state licenses to possess firearms. The federal statute does not prohibit legal aliens from possessing firearms, but the Washington statute does, unless they obtain licenses. Thus a legal alien may be in compliance with the federal statute yet in violation of the Washington statute. Where conduct could comply with the relevant federal statute yet violate the state statute, the federal crime cannot be deemed to be "described in" the state statute.

The government points out that it is a plain inference from the record that Sandoval–Barajas was an illegal alien when he was caught with a gun in Washington, and that the Washington statute requires an alien to "provide proof that he or she is lawfully present in the United States"[23] to get a license. Thus, factually his conduct constituted the federal as well as the state crime. That may be a fair inference, but we cannot draw it under our precedents. It would require us to refer to the actual facts inferable about the offense conduct, rather than to compare the statute and perhaps materials that the record does not include; *Lomas* prohibits us from engag-

---

16. 30 F.3d 1191 (9th Cir.1994).

17. *Id.* at 1193.

18. *Cf. Taylor*, 495 U.S. at 602, 110 S.Ct. 2143.

19. *Id.; see also Baron–Medina* 187 F.3d at 1146 n. 3; *United States v. Bonat*, 106 F.3d 1472, 1476 (9th Cir.1997).

20. *Lomas*, 30 F.3d at 1193 (emphasis added).

21. 18 U.S.C. § 922(g) (1995). "It shall be unlawful for any person ... (5) who, being an alien, is illegally or unlawfully in the United

States; ... to ... possess in or affecting commerce, any firearm or ammunition." *Id.*

22. Since Sandoval–Barajas's conviction, the federal crime has been expanded to reach not only those "illegally or unlawfully in the United States" but also aliens "admitted to the United States under a nonimmigrant visa." 18 U.S.C. § 922(g)(5) (Supp.1999). It still does not reach aliens admitted on immigrant visas. We do not reach whether the new federal statute describes the conduct criminalized by the Washington statute.

23. Wash. Rev.Code § 9.41.170(1).

ing in that exercise. Applying what the Supreme Court in *Taylor* termed the "categorical approach," that is, just looking at the statutes and not the conduct, Sandoval–Barajas could have been convicted under the Washington statute without proof that he was illegally or unlawfully in the United States, but that would have to have been proved to convict him under the federal statute, so the federal criminal conduct is not what is "described in" the state statute. The elements need not be identical—the federal aggravated felony definition says "described in" rather than the more demanding "defined in"—but the conduct has to be substantially similar enough so that the federal crime may be fairly said to be "described in" the state statute, and the conduct criminalized by the state law must be included within the conduct criminalized by the federal law.

Because Sandoval–Barajas's Washington state conviction was not an aggravated felony for federal sentencing purposes, this case is REMANDED FOR RESENTENCING.