**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mario PORTILLO–MENDOZA, Defendant–Appellant.**

**No. 00–10407.**

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2001*

Filed Dec. 17, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Atmore L. Baggot, Apache Junction, Arizona, for the defendant-appellant.

Joan G. Ruffennach, Assistant United States Attorney, Office of the U.S. Attorney, Phoenix, Arizona, for the plaintiff-appellee.

Before: PREGERSON, FERGUSON, and HAWKINS, Circuit Judges.

FERGUSON, Circuit Judge:

Appellant Mario Portillo–Mendoza was arrested after illegally crossing the border near Yuma, Arizona. He was charged with illegally entering, attempting to enter, and being found in the United States after a prior deportation in violation of 8 U.S.C. § 1326(a). After a jury found him guilty, his sentence was enhanced from 18 to 84 months on the basis of his having previously committed "aggravated felonies"—five convictions for driving under the influence (DUI), including one conviction for the felony "DUI with priors." 8 U.S.C. § 1326(b); Cal. Veh.Code §§ 23152, 23550; Cal.Penal Code § 17. He appeals his conviction and his sentence. We find that none of his prior convictions was an "aggravated felony" as defined by 8 U.S.C. § 1101(43)(F) and 18 U.S.C. § 16 and remand for sentencing.

Portillo–Mendoza was first deported from the United States in 1990 following an illegal reentry in 1989. Between 1994 and 1999, he was convicted of five counts of driving under the influence under California Vehicle Code § 23152.[1] The fifth time he was convicted, he was charged with the felony "DUI with priors."[2] See Cal. Veh.Code § 23550; Cal.Penal Code § 17.

While Appellant was in state prison, the INS filed a "Notice of Intent/Decision to Reinstate Prior Order" informing him that it would be pursuing a removal action against him pursuant to the prior order of deportation. Portillo–Mendoza waived his right to make a statement on his behalf. A Warrant of Removal/Deportation was issued, and in December 1999, Appellant was returned to Mexico.

A little more than a month later, in January, 2000, Portillo–Mendoza was apprehended shortly after crossing back over the border. He was indicted, tried,

---

1. In 1999, Portillo–Mendoza admitted to having entered the United States sometime after August 1, 1998. The record is silent on his status between 1994 and 1997, when he accumulated his previous four convictions.

2. Under California law, a felony is a crime "punishable with death or by imprisonment in the state prison." Cal.Penal Code § 17(a). The maximum punishment for a "DUI with priors" is "imprisonment in the state prison ... for not ... more than one year and ... a fine of not ... more than one thousand dollars." Cal. Veh.Code § 23550.

and convicted of being an alien who had illegally reentered the country after being previously deported or removed. At his sentencing, the District Court applied a sixteen-level enhancement to his sentence based on his prior convictions, subtracted two levels for his acceptance of responsibility, and sentenced him to 84 months in jail.

We first turn our attention to whether the district court properly determined that Portillo–Mendoza's conviction for "DUI with priors" was an aggravated felony warranting the sixteen-level enhancement under the sentencing guidelines.

■ Although neither party raised this issue, "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken...." *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936); *see also* Fed.R.Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). In order to do so, we must find that "(1) there was 'error'; (2) it was 'plain'; and (3) the error affected 'substantial rights.' If these conditions are met, [this court] may exercise [its] discretion to notice the forfeited error only if the error (4) 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir.2000) (internal citations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508, (1993)).

■ Without any adjustments, the maximum sentence Portillo–Mendoza could have received was 24 months. Under federal law, the enhancement for illegally reentering the United States with a prior felony conviction is four levels. U.S. Sentencing Guidelines ("FSG") § 2L1.2(b)(1)(B). Without any other ad-

justments, this translates to a maximum 37–month sentence. *Id.* at ch. 5, pt. A ("Sentencing Table."). The enhancement if a defendant has previously committed an aggravated felony is sixteen levels. *Id.* at § 2L1.2(b)(1)(A); *see also* 8 U.S.C. § 1101(a) (defining "aggravated felony"). Without any other adjustments, this results in a maximum 125–month sentence. Sentencing Table.

■ We look to the statutory definition of the state crime to determine whether it is an "aggravated felony." *United States v. Lomas*, 30 F.3d 1191, 1193 (9th Cir. 1994); *see also United States v. Sandoval–Barajas*, 206 F.3d 853, 855–56 (9th Cir. 2000). Both parties and the District Court assumed that Portillo–Mendoza's convictions constituted an "aggravated felony". The term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43)(F), which states that an "aggravated felony" includes "a crime of violence ... for which the term of imprisonment is at least one year." This assumption was incorrect.

A "crime of violence" refers to

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

As we recently noted in *United States v. Trinidad–Aquino*, 259 F.3d 1140 (9th Cir. 2001), both prongs of § 16 involve the "use" of physical force, and "the 'use' of something requires a volitional act." *Id.* at 1145 (vacating a sentence with a 16–level enhancement for a prior "DUI causing injury to others" conviction because

the statute could be violated by mere negligent conduct, which fails to satisfy the § 16 definition of a crime of violence.).

A conviction for DUI, whether with priors or not, contains no intent requirement in California law; a violation may occur through negligence. In short, "the full range of conduct encompassed" by the DUI statute does not constitute an aggravated felony, which has at a minimum a "reckless" intent requirement. *Sandoval–Barajas*, 206 F.3d at 856; *see also Trinidad–Aquino*, 259 F.3d 1140, 1145. *Accord United States v. Chapa–Garza*, 243 F.3d 921, 925–27 (5th Cir.2001) (overturning "aggravated felony" enhancements pursuant to DUIs and holding that "a crime of violence as defined in 16(b) requires recklessness as regards the substantial likelihood that the offender will intentionally employ force against the person or property of another in order to effectuate the commission of the offense.").

■ Given that a crime of violence requires a volitional act, the district court erred in applying the aggravated felony enhancement. Following the rule announced in *Trinidad–Aquino*, this was plain error. "That the error did not become apparent until appeal does not bar relief . . . It is enough that the . . . error is 'plain' at the time of this appeal." *Nordby*, 225 F.3d at 1060 (citations omitted).

We next look at whether the error affected Portillo–Mendoza's "substantial rights." "[I]n most cases [this] means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734, 113 S.Ct. 1770.

According to Sentencing Table in the Guidelines Manual, if Portillo–Mendoza had received the two-level downward departure and no enhancements, his maximum sentence would have been 18 months. FSG at ch.5 pt. A. If he had received the two-level departure and the four-level enhancement for a prior felony, his maximum sentence would have been 30 months. *Id.* His sentence thus represents an increase of 54 months, or almost three times more than what he otherwise would have received.

■ "[A] longer sentence undoubtedly affects substantial rights." *United States v. Anderson*, 201 F.3d 1145, 1152 (9th Cir. 2000); *see also Nordby*, 225 F.3d at 1060 (holding that a five-year increase in sentence affected substantial rights); *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001) (increase in sentence from 6 to 21 months constituted prejudice under *Strickland* analysis). The increase in Portillo–Mendoza's sentence constituted plain error affecting his substantial rights.

Our final inquiry asks whether the District Court's error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736, 113 S.Ct. 1770. The mischaracterization of Portillo–Mendoza's prior offenses cut at the heart of the judicial process. It is axiomatic that a defendant's sentence should comport with the crime for which he was convicted and reflect the appropriate enhancements and departures set out in the Sentencing Guidelines. *See* 18 U.S.C. § 3553. We have held that Appellant's prior DUI conviction was not an aggravated felony; to sentence him to serve a sentence as if it were would affect both the fairness and integrity of our judicial system. *See also Nordby*, 225 F.3d at 1061 ("fairness is undermined with a court's error 'impose[s] a longer sentence than might have been imposed had the court not plainly erred' ") (citations omitted).

The other issues in this appeal are disposed of in a separate memorandum disposition. We VACATE the sentence and

REMAND for re-sentencing consistent
with this opinion.