**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan Casimiro CRUZ, Defendant— Appellant.**

No. 01–30326.
D.C. No. CR–01–00039–BLW.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2002.*

Decided April 4, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Juan Casimiro Cruz appeals the sentence imposed following his guilty plea to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A), and one count of possession with intent to distribute a controlled substance, in violation of 18 U.S.C. § 2 & 21 U.S.C. § 841(a)(1) & (b)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we recite here only those facts necessary to explain our decision. Following Cruz's guilty plea, Probation submitted a Presentence Investigation Report recommending a three-level offense level increase under U.S.S.G. § 3B1.1(b) because Cruz was a "manager or supervisor" of a drug conspiracy involving more than five participants. The Government objected, arguing that a four-level increase was appropriate because Cruz was an "organizer

or leader" of the conspiracy. *See* U.S.S.G. § 3B1.1(a). In response, Cruz contended that, while he was a "manager," his role in the offense did not rise to that of an "organizer or leader." He, therefore, requested that the district court deny the Government's request and apply the three-level increase recommended by Probation. The district court accepted Cruz's argument, and sentenced him accordingly. Cruz now claims that the district court erred in applying the three-level enhancement because there was no evidence that he supervised or controlled anyone else in the conspiracy.

Because Cruz did not raise an objection to the alleged error at the district court level, we review only for "plain error." *See* Fed.R.Crim.P. 52(b); *United States v. Antonakeas*, 255 F.3d 714, 727 (9th Cir. 2001); *United States v. Portillo–Mendoza*, 273 F.3d 1224, 1227 (9th Cir.2001). To establish "plain error," the defendant "must demonstrate that: (1) there was 'error'; (2) the error was 'plain'; and (3) that the error affected 'substantial rights.'" *Antonakeas*, 255 F.3d at 727 (citation omitted). "If these conditions are met, we may exercise our discretion to notice the forfeited error only if the error (4) 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original).

Cruz has failed to demonstrate that there was any "error." At the sentencing hearing, Cruz himself described his role in the drug conspiracy as "manager." In addition, in his response to the Government's objection to the Presentence Investigation Report, Cruz admitted that he was the one to obtain the drugs, recruit sellers, and distribute the drugs to the sellers. Finally, the uncontested Presentence In-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

vestigation Report establishes that the other members of the conspiracy reported to Cruz, who supervised the delivery of the drugs and obtained payment after sales were completed. Thus, contrary to Cruz's assertion, there was ample evidence supporting the district court's conclusion that he was a "manager or supervisor" of the drug conspiracy, and the district court did not err by imposing the three-level enhancement.

AFFIRMED.