**UNITED STATES of America,** Plaintiff–Appellee,

v.

**Rosauro ARRENDONDO– GUTIERREZ, Defendant– Appellant.**

**No. 01–10079.**

**D.C. No. CR–00–01289–JMR.**

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

Before BROWNING, KLEINFELD and GOULD, Circuit Judges.

## MEMORANDUM **

Rosauro Arrendondo–Gutierrez appeals the 46–month sentence imposed after his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 18 U.S.C. § 3742, and we vacate and remand.

We review de novo to determine whether the aggravated felony provision of U.S.S.G. § 2L1.2(b)(1)(A) is applicable to a particular conviction for illegal re-entry af-

---

ter deportation, pursuant to 8 U.S.C. § 1326(b). *United States v. Trinidad–Aquino*, 259 F.3d 1140, 1142 (9th Cir.2001). Arrendondo–Gutierrez contends the district court erred by enhancing his sentence for his two prior felony convictions for driving under the influence (DUI) in violation of Cal. Veh.Code §§ 23152, 23550.

After the district court rendered its decision in this case, we reviewed this issue and concluded that DUI could not be counted as an aggravated felony. *See Trinidad–Aquino*, 259 F.3d at 1146 (holding Cal. Veh.Code § 23153 was not a crime of violence); *United States v. Portillo–Mendoza*, 273 F.3d 1224, 1228 (9th Cir. 2001) (Cal. Veh.Code § 23152). Accordingly, we vacate the sentence and remand for resentencing consistent with *Portillo–Mendoza*.

VACATED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.