**Hugo Ernesto HERNANDEZ-AQUINO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 00–71524.
I & NS No. A90–123–132.

United States Court of Appeals, Ninth Circuit.

Submitted on Sept. 13, 2002.*

Decided Oct. 2, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before THOMPSON, Senior Circuit Judge, and RAWLINSON, Circuit Judge, and SCHWARZER,** Senior District Judge.

MEMORANDUM***

Having prevailed in his petition for review challenging the order of the Board of Immigration Appeals (Board) finding him removable as an alien convicted of an aggravated felony, petitioner now seeks attorneys' fees and expenses incurred in this court under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). Petitioner was convicted of driving with a blood alcohol level of .08% or more, in violation of California Vehicle Code section 23152(b). He contends that the Board's position that

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

his crime constituted a crime of violence under 8 U.S.C. § 1101(a)(43)(F) was not substantially justified.

## I.

■ In finding petitioner removable, the Board relied on its prior decisions that a conviction for driving under the influence of alcohol or drugs constitutes a conviction of a crime of violence as defined in 18 U.S.C. § 16. *In re Magallanes–Garcia,* Interim Decision 3341, 1998 WL 133301 (BIA 1998), and *In re Puente–Salazar,* Interim Decision 3412, 1999 WL 770709 (BIA 1999). At the time of the Board's decision on November 17, 2000, those decisions were good law; they were not overruled until 2002. *See In re Ramos,* Interim Decision 3468, 2002 WL 1001049 (BIA 2002). In light of the state of the law at the time the Board issued its order, we find the government's position was substantially justified. We are not persuaded by petitioner's argument that the Board's analysis conflicted with the categorical approach under *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The Board reasonably interpreted the statutory scheme as affording the state two avenues for establishing the offense of driving under the influence: either to produce a blood test showing a .08% level of alcohol or to prove impairment. Thus, it could properly treat petitioner's conviction as being for driving under the influence.

## II.

■ Following our decisions in *United States v. Trinidad–Aquino,* 259 F.3d 1140 (9th Cir.2001) and *United States v. Portillo–Mendoza,* 273 F.3d 1224 (9th Cir.2001), holding that a conviction of driving under the influence in violation of California Ve-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–1.

hicle Code section 23152(b) was not a crime of violence, we issued an order to show cause on January 10, 2002, why the petition should not be summarily granted. The government filed an opposition to summary disposition, requesting remand to enable the Board to consider whether petitioner's conviction is a crime of violence for immigration purposes. On February 15, 2002, we summarily granted the petition for review on the authority of *Trinidad–Aquino* and *Portillo–Mendoza.* In light of those decisions, we find the government's opposition to summary disposition was not substantially justified. We apportion our award accordingly, awarding petitioner fees in the amount of $2,448 incurred for services subsequent to the issuance of the order to show cause. *See United States v. 2659 Roundhill Drive,* 283 F.3d 1146, 1151 (9th Cir.2002); *Corbin v. Apfel,* 149 F.3d 1051, 1053 (9th Cir. 1998).

Petition GRANTED in part and DENIED in part.