**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis LOPEZ–ZAMORA,
Defendant–Appellant.**

**No. 01–50671.**

**D.C. No. CR–01–01918–MJL.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2003.*

Decided April 11, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

**MEMORANDUM**\*\*

Jose Luis Lopez–Zamora appeals the sentence imposed by the district court following his guilty plea conviction for attempted entry after deportation in violation of 8 U.S.C. § 1326. Lopez contends that the district court erred when it enhanced his guideline score by 16 levels. He asserts that the government did not establish that his prior conviction for violating California Health & Safety Code § 11379(a) constituted a drug trafficking offense. *See* USSG § 2L1.2(b)(1)(A).[1] Because we agree, we vacate and remand.

To determine whether Lopez's prior conviction under Section 11379(a) qualifies as a drug trafficking offense for federal sentencing purposes, we must apply a categorical approach. *See Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 2159–61, 109 L.Ed.2d 607 (1990); *United States v. Corona–Sanchez,* 291 F.3d 1201, 1203–04 (9th Cir.2002) (en banc). In *United States v. Rivera–Sanchez,* 247 F.3d 905, 908–09 (9th Cir.2001) (en banc), we held that California Health and Safety Code § 11360(a) does not facially qualify as a predicate offense under USSG § 2L1.2(b)(1)(A) because it criminalizes solicitation. Section 11379(a) contains identical language and also criminalizes solicitation. Solicitation offenses do

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. All references are to the November 1, 2001, version of the Sentencing Guidelines.

not constitute aggravated felonies or drug trafficking offenses within the meaning of § 2L1.2(b)(1)(A) and the statutes to which it refers. *See* 8 U.S.C. §§ 1101(a)(43)(B), 1326; 18 U.S.C. § 924(c)(2); *Rivera–Sanchez,* 247 F.3d at 909.

Because Section 11379(a) does not facially qualify as a drug trafficking offense within the meaning of the Guidelines, we must next examine judicially noticeable facts to determine whether they establish that Lopez was convicted of an offense encompassed by § 2L1.2. *See Corona–Sanchez,* 291 F.3d at 1211–12; *United States v. Franklin,* 235 F.3d 1165, 1170 & n. 5, 1172 (9th Cir.2000). The only evidence in the record (the charging document and a presentence report) was insufficient to establish that Lopez was actually convicted of a drug trafficking offense, as opposed to mere solicitation. *See United States v. Sandoval–Venegas,* 292 F.3d 1101, 1106 (9th Cir.2002); *Corona–Sanchez,* 291 F.3d at 1212–13; *United States v. Martinez,* 232 F.3d 728, 735 (9th Cir. 2000).

Therefore, on this record the district court plainly erred in applying the 16 level drug trafficking enhancement to Lopez's sentence. *See Sandoval–Venegas,* 292 F.3d at 1109; *United States v. Portillo–Mendoza,* 273 F.3d 1224, 1228 (9th Cir. 2001); *United States v. Casarez–Bravo,* 181 F.3d 1074, 1078 (9th Cir.1999).

The district court may take further evidence at resentencing. *See United States v. Matthews,* 278 F.3d 880, 885–86 (9th Cir.2002) (en banc). Moreover, because it is possible that upon imposition of a new sentence Lopez will have already served all or most of his period of incarceration, we encourage the district court to commence a new sentencing proceeding quickly. To that end, we also order that the mandate issue immediately upon filing of this disposition. *See* Fed. R.App. P. 41.

VACATED and REMANDED for resentencing. The mandate shall issue immediately upon filing of this disposition.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.