**UNITED STATES of America,** Plaintiff—Appellee,

v.

**Ronald B. CAMPBELL, Defendant—Appellant.**

No. 03–30119.

D.C. No. CR–96–00233–FVS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2003.*

Decided Feb. 3, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Robert A. Ellis, Asst. U.S. Atty., Yakima, WA, for Plaintiff–Appellee.

Aaron F. Dalan, Aaron F. Dalan, Yakima, WA, for Defendant–Appellant.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

Ronald Boyd Campbell appeals from the district court's revocation of his term of supervised release and imposition of 18 months in prison, challenging two of the five findings of violations of the terms of his release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

We review the revocation of supervised release for an abuse of discretion. *United States v. Turner,* 312 F.3d 1137, 1142 (9th Cir.2002). The court's finding of a violation must be supported by a preponderance of evidence, and the government has the burden of proof. *See id.*

■ Campbell claims that the government was required to prove that his testing positive for cocaine was not a result of passive inhalation. Because he did not raise this issue at the hearing, our review is for plain error. *See United States v. Portillo–Mendoza,* 273 F.3d 1224, 1227 (9th Cir.2001). It was not plain error to conclude that Campbell violated the condition that he refrain from the unlawful use of any controlled substance. Unlike the defendant in *United States v. Courtney,* 979 F.2d 45 (5th Cir.1992), Campbell did not claim the positive test resulted from passive inhalation, present the judge with any alternative explanation for the evidence of cocaine in his system, or argue that he did not knowingly use cocaine. *See United States v. Young,* 41 F.3d 1184, 1187 (7th Cir.1994). Further, the court had discretion to conclude that the positive test was evidence of possession. *See United States v. Baclaan,* 948 F.2d 628, 630 (9th Cir.1991) (per curiam).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The court did err in finding that Campbell violated Special Condition 16, however. The plain language of the condition prohibited Campbell from associating with Gypsy Jokers during an organized Gypsy Joker event, or participating in an organized Gypsy Joker event unless all other participants were members of the local chapter and not convicted felons. As Campbell pointed out at the hearing, the condition does not prohibit Campbell from associating with members of other motorcycle clubs, or with Gypsy Jokers from other chapters in settings other than organized Gypsy Joker events. There was no evidence that Campbell's presence outside the Hells Angels clubhouse on August 24, 2002 had anything to do with an organized Gypsy Joker event, nor that any of those present were convicted felons.

Because the drug violation was a Grade B violation, Campbell's sentence of 18 months was the low end of the range recommended by the Guidelines policy statement on revocation of supervised release. *See* U.S.S.G. § 7B1.4(a). Nevertheless, the court had discretion to impose a lower sentence because policy statements are merely advisory and not binding on the sentencing judge. *See United States v. Garcia*, 323 F.3d 1161, 1164 (9th Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 842, 157 L.Ed.2d 720 (2003). We therefore vacate the sentence and remand to the district court for resentencing consistent with this memorandum disposition.

VACATED and REMANDED.

SKOPIL, Jr., concurring in part and dissenting in part.

In concur in the panel's decision to affirm the district court's finding that Campbell violated a condition of his supervised release by failing to refrain from the use of a controlled substance. In my view, that decision is sufficient for us also to affirm the sentence imposed. Thus, I dissent from the majority's determination that Campbell must be resentenced.

The record indicates that the district court applied the Revocation Table in U.S.S.G. § 7B1.4(a) and sentenced Campbell to 18 months in prison based *solely* on his Grade B violation, namely, the possession of cocaine. The district court sentenced Campbell for his Grade B violation and not for any of the Grade C violations because U.S.S.G. § 7B1.1(b) states that "[w]here there is more than one violation of the conditions of supervision, ... the grade of the violation is determined by the violation having the most serious grade." The district court thereby fully complied with § 7B1.1(b). It makes no difference for sentencing purposes whether Campbell also committed three *or* four Class C violations. Accordingly, I would affirm the sentence imposed rather than remand for resentencing.