516

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jaime PEREZ–AGUILAR, Defendant—
Appellant.**

No. 06–10198.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed June 9, 2008.

Elizabeth R. Berenguer, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Greta Vietor, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: BYBEE and M. SMITH, Circuit Judges, and SEABRIGHT *, District Judge.

MEMORANDUM **

Jaime Perez–Aguilar appeals the sentence imposed following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). Because the parties are aware of the facts of the case, we do not recount them here. We vacate the sentence and remand for resentencing.

Perez–Aguilar argues that the panel should vacate his sentence because the district court erroneously applied a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on Perez–Aguilar's prior conviction under CAL.PENAL CODE § 286(b)(1). Because Perez–Aguilar never objected to the application of the 16–level enhancement in the district court, we review this issue for plain error. *See United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

The district court erred in applying the 16–level enhancement because Perez–Aguilar's prior conviction for "sodomy with another person who is under 18 years of age" in violation of CAL.PENAL CODE § 286(b)(1) does not categorically constitute statutory rape under the guidelines, thus qualifying as a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A) & app. n.1(B)(iii). After the district court sentenced Perez–Aguilar, we held that while California sets the age of consent at eighteen, "the term 'minor' in the context of a statutory rape law means a person under sixteen years of age." *United States v. Rodriguez–Guzman,* 506 F.3d 738, 745 (9th Cir.2007). CAL.PENAL CODE § 286(b)(1) is therefore broader than U.S.S.G. § 2L1.2(b)(1)(A), and so Perez–Aguilar's prior conviction for its violation cannot categorically qualify as statutory rape and thus a crime of violence.

Although not available to the district court at the time of sentencing, in light of our subsequently decided precedent, the district court's error was plain. *See Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (holding that on plain error review "it is enough that an error be 'plain' at the time of

---

* The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appellate consideration"). Erroneous application of a sentencing enhancement affects the defendant's substantial rights and "affect[s] both the fairness and integrity of our judicial system." *United States v. Portillo–Mendoza,* 273 F.3d 1224, 1228 (9th Cir.2001) (vacating sentence rendered plainly erroneous by subsequent case law).

We therefore vacate the sentence with instructions for the district court to resentence Perez–Aguilar on an open record, analyzing his conviction under CAL.PENAL CODE § 286(b)(1) under the modified categorical approach.

**VACATED and REMANDED.**