**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ANDY S.S. YIP,<br><br>Defendant - Appellant. | No. 08-10235<br><br>D.C. No. CR-02-00225-DAE-1<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted October 13, 2009
Honolulu, Hawaii

Before: BEEZER, GRABER, and FISHER, Circuit Judges.

Defendant Andy S.S. Yip appeals from his conviction on one count of

conspiracy to defraud the United States, 18 U.S.C. § 371; one count of filing a

false tax return, 26 U.S.C. § 7206(1); and two counts of failure to report foreign

financial agency transactions, 31 U.S.C. §§ 5314, 5322(b).  He also appeals his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

sentence on these counts and on the four additional counts of filing a false tax return to which he pleaded guilty.[1]

1. Defendant appeals the district court's denial of his motion for acquittal on Counts 9, 10, and 11. In his motion for acquittal, Defendant argued that there was insufficient evidence that he knew of his duty to report the foreign accounts and that his failure to report them was willful. We review de novo. United States v. Carranza, 289 F.3d 634, 641 (9th Cir. 2002). Defendant's accountant, who prepared Defendant's taxes for seven years before the first tax filing at issue here, testified that it was his usual practice to review the foreign account question on Defendant's tax form with him each year. This constituted sufficient evidence for a rational jury to have inferred that Defendant knew of his duty and willfully failed to report the foreign accounts.

2. Defendant argues that the jury was not instructed that two of the overt acts charged in the indictment are legally inadequate grounds for a conspiracy conviction under Grunewald v. United States, 353 U.S. 391 (1957). Defendant argues that the indictment defined the conspiracy as an agreement to obstruct the IRS only during the audit and that the disputed acts were merely concealment of the conspiracy. We review for plain error. United States v. Recio, 371 F.3d 1093,

[1]We address some issues in a published opinion filed this date.

2

1099 (9th Cir. 2004). The indictment, read in its entirety and construed with common sense, United States v. Berger, 473 F.3d 1080, 1103 (9th Cir. 2007), alleges a conspiracy whose objective extends beyond the audit. Moreover, the evidence as to the undisputed overt acts was overwhelming. United States v. Fuchs, 218 F.3d 957, 963 (9th Cir. 2000).

3. Defendant argues that the jury instruction was defective because it failed to include the knowledge element required by Ratzlaf v. United States, 510 U.S. 135, 149 (1994). We review for plain error. Recio, 371 F.3d at 1099. The instruction was not erroneous, because it informed the jury that conviction required a finding that Defendant knew that he had a legal duty to report his foreign bank accounts.

4. Defendant argues that the jury instruction was defective because it failed to include the mens rea of willfulness for Counts 10 and 11, failure to file a Treasury form reporting his foreign bank accounts in 1998 and 1999. We review for plain error. Id. The omission of the mens rea was an error, and an obvious one. However, not every error affects a defendant's substantial rights. United States v. Tuyet Thi-Bach Nguyen, 565 F.3d 668, 677-78 (9th Cir. 2009). This one did not. The jury found that Defendant knew of his duty to file the form. Because the jury found that Defendant willfully filed a 1999 return falsely stating that he had no

foreign bank account, it almost certainly would have found that his failure to file the associated Treasury forms in 1998 and 1999, as he knew that he had a duty to do, was also willful.

5. Defendant argues that the jury instruction was defective because it failed to include the actus reus for the counts of failure to file a Treasury form reporting his foreign bank accounts in 1998 and 1999. We review for plain error. Recio, 371 F.3d at 1099. The omission of the actus reus was an obvious error, but it did not affect Defendant's substantial rights. At trial, Defendant did not dispute his failure to file the forms. United States v. Smith, 282 F.3d 758, 767 (9th Cir. 2002).

6. Defendant argues that the district court erred by instructing the jury that "no inference whatever may be drawn from the election of a defendant not to testify." We review for plain error. Recio, 371 F.3d at 1099. A jury that is told that it may draw "no inference whatever" is clearly informed that it may not draw an inference of guilt.

7. Defendant argues that his sentence of 67 months' imprisonment for conviction of conspiracy to defraud the United States exceeds the statutory maximum sentence of 60 months. 18 U.S.C. § 371. We review for plain error. United States v. Lomow, 266 F.3d 1013, 1022 (9th Cir. 2001). We hold that the district court plainly erred in sentencing Defendant to a sentence in excess of the

4

statutory maximum.  Id.  We vacate Defendant's sentence on the conspiracy conviction and remand for resentencing in conformity with 18 U.S.C. § 371.

8.  Defendant argues that the district court erred by sentencing him under the 2001 version of the Sentencing Guidelines on counts completed earlier than 2001. We review for plain error.  Recio, 371 F.3d at 1099.  Under United States v. Ortland, 109 F.3d 539, 546 (9th Cir. 1997), a continuing offense must be sentenced under the Guidelines version in effect at the conclusion of the offense, if a later version is unfavorable to the defendant.[2]  However, when a defendant is convicted of both a continuing offense and offenses completed earlier, the earlier offenses must be sentenced under the version in effect when they were completed.  Id. at 546-47; United States v. Castro, 972 F.2d 1107, 1112 (9th Cir. 1992), overruled on other grounds by United States v. Jimenez Recio, 537 U.S. 270 (2003).  Here, the conspiracy count was properly sentenced under the 2001 Guidelines because the last overt acts of the conspiracy occurred after that version took effect.  But the district court erred in sentencing Defendant under the 2001 Sentencing Guidelines

---

[2]We note that there is some uncertainty as to whether the Ex Post Facto Clause is implicated by the advisory use of the Sentencing Guidelines after United States v. Booker, 543 U.S. 220 (2005).  Compare United States v. Demaree, 459 F.3d 791, 795 (7th Cir. 2006), with United States v. Turner, 548 F.3d 1094, 1100 (D.C. Cir. 2008).  We need not and do not decide whether Booker is irreconcilable with our holdings in Ortland and Castro, because neither of the parties before us so contends.

5

for the crimes that were <u>completed</u> in earlier years—namely, filing false tax returns and failing to file the Treasury forms. <u>United States v. Pace</u>, 314 F.3d 344, 352 (9th Cir. 2002). The error was clear and obvious under <u>Ortland</u> and <u>Castro</u>. It affected Defendant's substantial rights because the 2001 version of § 2T4.1 resulted in a lengthier sentence than the range recommended by the earlier version. Sentencing Defendant to a term of imprisonment longer than that recommended by a proper application of the Guidelines seriously affects the fairness of judicial proceedings. <u>United States v. Portillo-Mendoza</u>, 273 F.3d 1224, 1228 (9th Cir. 2001). We vacate Defendant's sentence on Counts 4 through 7, and 9 through 11. We remand to the district court for resentencing under the proper versions of the Guidelines.

9. Defendant argues that the district court erred by sentencing him under the 2001 Sentencing Guidelines because, under <u>Grunewald</u>, the last acts properly attributable to the conspiracy occurred before the 2001 version came into effect. We review de novo. <u>Ortland</u>, 109 F.3d at 543. The indictment, read in its entirety and construed with common sense, <u>Berger</u>, 473 F.3d at 1103, alleges a conspiracy whose objective extends beyond the audit. Defendant also argues that the district court erred because the two acts occurring in 2002 were not proved by a

6

preponderance of the evidence. Under our plain error review, <u>Lomow</u>, 266 F.3d at 1022, we find that these acts were sufficiently proved.

10. Defendant argues that the district court violated Federal Rule of Criminal Procedure 32 by failing to enter findings on the sufficiency of the evidence for the two overt acts that triggered the use of the 2001 version of the Sentencing Guidelines. We review de novo. <u>United States v. Herrera-Rojas</u>, 243 F.3d 1139, 1142 (9th Cir. 2001). Defendant did not object to the use of the 2001 version of the Guidelines on the ground that those two acts were not supported by a preponderance of the evidence. Thus, the district court was not required to find that those acts were proved. Fed. R. Crim. P. 32(i)(3)(B).

11. Defendant argues that the district court violated Rule 32 by failing to enter findings on Defendant's objections to the calculation of tax loss in the Pre-Sentence Report, the calculation of tax loss for purposes of restitution, and the cost of prosecution. We review de novo. <u>Herrera-Rojas</u>, 243 F.3d at 1142. The district court found that the government's calculation of tax loss "is the correct and accurate determination of the tax loss." The district court also found that the tax loss calculation for restitution was adequately explained. Finally, the district court found that the cost of prosecution came to a sum that incorporated the amount challenged by Defendant. The district court complied with Rule 32.

7

12. Defendant argues that the district court erred by refusing to decrease his offense level under the § 3E1.1 sentencing adjustment for acceptance of responsibility. Defendant went to trial on some counts and did not "accept responsibility for all crimes of which he . . . is convicted." United States v. Ginn, 87 F.3d 367, 371 (9th Cir. 1996). He was not eligible for the exception applicable to cases involving two separate indictments. United States v. Kellum, 372 F.3d 1141, 1145 (9th Cir. 2004). The district court properly denied the sentencing adjustment.

13. Defendant argues that the district court erred by increasing his offense level under the § 2T1.1(b)(2) enhancement for the use of sophisticated means. Defendant's use of foreign bank accounts to hide his unreported income and the creation of several sham loans to conceal his crimes were not necessary for the commission of the crimes. United States v. Montano, 250 F.3d 709, 715 (9th Cir. 2001). These activities were sufficiently complex to support application of the enhancement under all relevant versions of the Sentencing Guidelines. U.S.S.G. § 2T1.1 cmt. n.4; United States v. Aragbaye, 234 F.3d 1101, 1108 (9th Cir. 2000). The district court properly imposed the sentencing enhancement.

14. Defendant argues that the district court erred in calculating tax loss for purposes of sentencing and restitution. We review for clear error. United States v.

8

Garro, 517 F.3d 1163, 1167 (9th Cir. 2008). The district court clearly erred in treating all the yen exchanged with Honolulu Foreign Exchange as unreported income, because there was evidence that some of the yen were derived from reported sales by A & E Creations, and there was no evidence to the contrary. The district court also clearly erred in treating the unreconciled excess deposits for 1998 as income, as the change from a sole proprietorship to an S Corporation would not have warranted different treatment of the deposits. We vacate Defendant's sentence and restitution order and remand to the district court to recalculate tax loss, accounting for the yen derived from reported sales and treating the 1998 unreconciled excess deposits as non-income.

15. Defendant also argues that the district court made several other errors in calculating tax loss. We review for clear error. Garro, 517 F.3d at 1167. Defendant's arguments are unavailing. The district court did not err by subtracting Defendant's negative income for 1998 from his corrected taxable income. The district court did not clearly err in finding that Defendant's unreported sales were in-state, retail sales; in finding that his credit card charges were not business expenses; or in refusing to adjust the tax loss for the value of Defendant's inventory when there was no evidence regarding its cost.

9

16. Defendant argues that the district court erred in ruling that the government had provided the information requested by Defendant. We review for clear error. United States v. Waknine, 543 F.3d 546, 555 (9th Cir. 2008). The district court clearly erred because the government claimed work-product privilege for the material. However, the outcome would have been the same even had the district court recognized that the government had not provided the material, because no exception from the privilege applied. Hickman v. Taylor, 329 U.S. 495, 513 (1947). Thus, the error was harmless.

17. Defendant argues that the district court erred in finding that the costs of prosecution included certain expenses. We review for clear error. P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1168 (9th Cir. 2007). The pre-trial preparation expenses related to Counts 4 through 7 were proper because Defendant did not plead guilty to those counts until shortly before trial. Defendant went to trial on Count 9. The district court did not clearly err by finding that the costs of prosecution included the disputed amounts.

Convictions AFFIRMED. Sentence and restitution order VACATED and REMANDED for resentencing on an open record. United States v. Matthews, 278 F.3d 880, 885 (9th Cir. 2002) (en banc).