RAWLINSON, Circuit Judge,
concurring in the result:
The defense did not object at any time to the statement in the Presentence Report (PSR) that Urbano Castillo-Marin’s prior conviction in New York State Court was for a crime of violence for sentencing purposes. Consequently, we review for plain error. See United States v. Portillo-Mendoza, 273 F.3d 1224, 1227 (9th Cir.2001).
Plain error occurs when a judge commits error that is so obvious that a competent judge should be able to avoid it without any party bringing the matter to the judge’s attention. See United States v. Nguyen, 565 F.3d 668, 681 (9th Cir.2009). *928 “Reversal on the basis of plain error is an exceptional remedy ...” United States v. Lo, 447 F.3d 1212, 1228 (9th Cir.2006). “If an error is not clear or obvious from the record, the defendant’s failure to object is fatal....” United States v. Brigham, 447 F.3d 665, 669 (9th Cir.2006).
The facts of this case indisputably reflect that the PSR documented the commission of a prior crime of violence by Castillo-Marin. The facts of this case also indisputably reflect that Castillo-Marin in no way objected to the characterization of his prior conviction as a crime of violence.
I concur in the result of the opinion because, and only because, our precedent expressly holds that it is plain error for a district court to rely on a presentence report (PSR) when that report simply refers to the charging document. See United States v. Corona-Sanchez, 291 F.3d 1201, 1211-12 (9th Cir.2002) (en banc). I expressly decline to join the majority’s broader application of our precedent to hold that “a district court may not rely on a PSR’s factual description of a prior offense to determine whether the defendant was convicted of a crime of violence, notwithstanding the defendant’s failure to object to the PSR.” Majority Opinion, p. 919. Indeed, one of the cases cited by the majority, United States v. Gonzalez-Aparicio, 663 F.3d 419, 433 (9th Cir.2011), approved reliance on the content of a PSR where the PSR quoted from court records. Consequently, if the PSR prepared for Castillo-Marin had followed suit, the district court would not have committed plain error in relying on the PSR. See id.[1]
I expressly and unequivocally decline to join the majority’s alternative basis for reversing the district court — that the PSR cited to the wrong definition of “crime of violence.” Majority Opinion, p. 922. Although the line summarizing Castillo-Marin’s criminal history referred to 8 U.S.C. § 1101(a)(43) in describing the New York conviction, the portion of the PSR addressing the sixteen-level enhancement under the heading “Specific Offense Characteristic” correctly cited U.S.S.G. § 2L1.2(b)(1)(A). Absent objection from the defendant, and under a plain error standard of review, we simply cannot determine that the writer of the PSR relied on the definition of crime of violence in 8 U.S.C. § 1101(a)(43) rather than the definition of crime of violence in U.S.S.G. § 2L1.2(b)(1)(A).
Accordingly, I concur in the remand to the district court, but go no further.

. The cases cited by the majority to support its conclusion that the district court failed to adequately discuss the prior offense are readily distinguishable. In United States v. Matthews, 278 F.3d 880 (9th Cir.2002), the defendant specifically objected to use of his prior convictions. See id. at 885. In that circumstance, we held that it was error for the district court to fail to analyze the statutes of conviction.
In United States v. Pimentel-Flores, 339 F.3d 959, 968 (9th Cir.2003), we remanded for resentencing where, unlike this case, the PSR did not “list the statute of conviction.” Finally, in United States v. Potter, 895 F.2d 1231, 1238 (9th Cir.1990), we affirmed under plain error review the district court’s reliance on the presentence report describing the prior conviction as “Rape by Force,” even though there was no citation to the statute of conviction.