244 F.3d 1020 (9th Cir. 2001)
 UNITED STATES OF AMERICA,Plaintiff-Appellee,
v.
JOSE DE JESUS CASTILLO-RIVERA,Defendant-Appellant.
 No. 00-50046
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted February 15, 2001
Filed March 26, 2001
 
 Maria Elena Stratton, Federal Public Defender, Los Angeles, California, for the defendant-appellant.
 Wesley Hsu, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California J. Spencer Letts, District Judge, Presiding. D.C. No.CR 98-646 JSL
 Before: A. Wallace Tashima and Raymond C. Fisher, Circuit Judges, and Thomas S. Zilly, District Judge.*
 TASHIMA, Circuit Judge:
 
 
 1
 Jose de Jesus Castillo-Rivera ("Castillo"), a Mexican citizen who pled guilty to illegal reentry after deportation in violation of 8 U.S.C. S 1326, appeals the sentence enhancement for removal subsequent to conviction for an aggravated felony. Castillo contends that his prior state conviction for violating California Penal Code ("CPC") S 12021(a) as a felon in possession of a firearm does not constitute an aggravated felony under 8 U.S.C. S 1101(a)(43)(E), because it is not "an offense described in" 18 U.S.C. S 922(g)(1), the federal felon in possession statute. The state crime, unlike S 922(g), does not include any interstate or foreign commerce element. Castillo also raises for the first time on appeal a challenge to his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), on the ground that his prior conviction was neither admitted nor proven beyond a reasonable doubt. We have jurisdiction pursuant to 28 U.S.C. S 1291 and 18 U.S.C.S 3742(a), and we affirm.
 
 I. Background
 
 2
 Castillo pled guilty to a single-count indictment charging him as an alien unlawfully found in the United States following deportation, in violation of 8 U.S.C. S 1326. The indictment alleged that he had been deported on three occasions-in 1995, 1997, and 1998--and was subsequently found in the United States without permission from the Attorney General. The revised presentence report ("PSR") concluded that a 16level enhancement applied under U.S.S.G. S 2L1.2(b)(1)(A) because Castillo was deported after conviction for an aggravated felony. In 1992, Castillo had been convicted of two felony counts in Orange County Superior Court, for being a felon in possession of a handgun pursuant to CPCS 12021(a), and for possession of a handgun in violation of a condition of probation pursuant to CPC S 12021(d). He was sentenced to 365 days in county jail. The PSR concluded that the enhancement applied because Castillo's prior conviction under CPC S 12021(a) constituted an aggravated felony within the meaning of 8 U.S.C. S 1101(a)(43), both as an offense described inS 922(g)(1), and as a crime of violence for which the term of imprisonment is at least one year. Applying the enhancement, the district court sentenced Castillo to a term of 70 months' imprisonment and three years of supervised release.
 
 II. Analysis
 A. Aggravated Felony Enhancement
 
 3
 We review the district court's interpretation of the Sentencing Guidelines and the aggravated felony statute de novo. United States v. Sandoval-Barajas, 206 F.3d 853, 854 (9th Cir. 2000).
 
 
 4
 Castillo contends that his conviction under CPC S 12021(a)[1] does not constitute an aggravated felony under S 2L1.2(b)(1)(A). The guideline defines an aggravated felony by reference to 8 U.S.C. S 1101(a)(43). See U.S.S.G. S 2L1.2, cmt. n.1 (1998). Section 1101(a)(43) provides, in relevant part:
 
 The term "aggravated felony" means
 
 5
 . . .
 
 
 6
 (E) an offense described in
 
 
 7
 . . .
 
 
 8
 (ii) section 922(g)(1) . . . of Title 18 (relating to firearms offenses);
 
 
 9
 . . .
 
 
 10
 (F) a crime of violence (as defined in sec tion 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year[.]
 
 
 11
 8 U.S.C. S 1101(a)(43). It further provides that:
 
 
 12
 The term applies to an offense described in this para graph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprison ment was completed within the previous 15 years.
 
 
 13
 Id. Castillo's contention that his conviction for being a felon in possession of a firearm does not constitute an aggravated felony rests on the fact that the CPC S 12021(a) offense, unlike S 922(g)(1),[2] does not require an interstate or foreign commerce nexus.
 
 
 14
 The government contends that the commerce element of the federal statute is merely jurisdictional; therefore, that Castillo's state conviction for being a felon in possession of a firearm constitutes an aggravated felony under 8 U.S.C. S 1101(a)(43)(E), as an offense described inS 922(g)(1).
 
 
 15
 In determining whether a state conviction constitutes an aggravated felony under 8 U.S.C. S 1101(a)(43), we employ the categorical approach described in Taylor v. United States, 495 U.S. 575 (1990). See, e.g., Ye v. INS, 214 F.3d 1128, 1131-33 (9th Cir. 2000); Sandoval-Barajas, 206 F.3d at 85556; United States v. Lomas, 30 F.3d 1191, 1193 (9th Cir. 1994). The categorical approach generally requires courts to "look at the state statutory definition of the crime rather than the underlying factual circumstances, to determine whether it is the crime referred to in the federal statute. " SandovalBarajas, 206 F.3d at 856. Under such an approach, "the issue is not whether [the] actual conduct constituted an aggravated felony, but whether the full range of conduct encompassed by [the state statute] constitutes an aggravated felony." Id. (quoting Lomas, 30 F.3d at 1193) (alterations in original). Accordingly, courts may avoid "the enormous problems of relitigating past convictions, especially in cases where the defendant pleads guilty and there is no record of the underlying facts." Lomas, 30 F.3d at 1193.
 
 
 16
 Here, "[t]he elements of the offense proscribed by S 12021 are conviction of a felony and ownership, possession, custody or control of a firearm. Knowledge is also an element of the offense." People v. Jeffers, 49 Cal. Rptr. 2d 86, 89 (Ct. App. 1996) (citations omitted). To the extent that the full range of conduct encompassed by CPC S 12021(a) may not constitute an aggravated felony as an offense described in 18 U.S.C. S 922(g)(1) (e.g., S 12021(a) appears to include the possession of a firearm by an individual convicted of specified misdemeanors, as well as by one "who is addicted to the use of any narcotic drug"), the court may follow a "modified categorical approach" by looking to the charging paper and judgment of conviction to determine if the actual state offense of which the defendant was convicted qualifies. Ye, 214 F.3d at 1133; see also United States v. Bonat, 106 F.3d 1472, 1476-77 (9th Cir. 1997) (discussing Taylor analysis in the context of a guilty plea and what documents may be considered by the court to establish a prior conviction). Here the state charge and judgment order make clear, and there does not appear to be any dispute, that Castillo pled guilty to a generic offense of being a felon in possession of a handgun.[3]
 
 
 17
 Neither the state statute nor the charge to which Castillo pled guilty, however, specifies whether the firearm had a connection to interstate or foreign commerce, as would be required under S 922(g). Castillo contends that because the full range of conduct encompassed by the state statute in question includes possession of a firearm without an interstate or foreign commerce nexus, his conviction does not constitute an aggravated felony as an offense described in the federal felon in possession provision. We are thus squarely presented with the precise question we left open in Sandoval-Barajas-whether the commerce element of S 922(g) "matters, or whether it is merely a jurisdictional basis not essential to whether the state crime is an aggravated felony. " 206 F.3d at 856 (holding a state conviction not to be an offense described in S 922(g)(5) on other grounds). We hold that the commerce nexus requirement of S 922(g) "is merely a jurisdictional basis"; therefore, we conclude that Castillo's prior conviction under CPC S 12021(a) constitutes an aggravated felony, as an offense described in S 922(g)(1).
 
 
 18
 The wording of 8 U.S.C. S 1101(a)(43) makes evident that Congress clearly intended state crimes to serve as predicate offenses for the purpose of defining what constitutes an aggravated felony. Section 1101(a)(43) explicitly states that "[t]he term applies to an offense described in this paragraph whether in violation of Federal or State law." 8 U.S.C. S 1101(a)(43). Moreover, S 1101(a)(43)(E) defines aggravated felony as "an offense described in" several federal statutory provisions, including S 922(g)(1). Id. As we have previously noted, Congress "as a practical matter. . . had to use some looser standard such as `described in' rather than the more precise standard of `defined in,' if it wanted more than a negligible number of state offenses to count as aggravated felonies." Sandoval-Barajas, 206 F.3d at 855.
 
 
 19
 Interpreting the jurisdictional element of S 922(g) to be necessary in order for a state firearms conviction to constitute an aggravated felony under S 1101(a)(43)(E)(ii) would reduce the number of state firearms offenses that qualify to no more than a negligible number. Rarely, if ever, would a state firearms conviction specify whether a commerce nexus exists.[4] If we were to construe the jurisdictional nexus of the federal felon in possession provision to be a necessary element for a state crime to qualify as an aggravated felony, we would undermine the language of the aggravated felony statute and the evident intent of Congress.
 
 
 20
 The relevant sentencing guideline also supports this conclusion. The applicable guideline provides: " `Firearms offense' means any offense covered by Chapter Two, Part K, Subpart 2 [which includes 18 U.S.C. S 922(g)], or any similar offense under state or local law." U.S.S.G. S 2L1.2, cmt. n.1 (1998) (emphasis added). Application note 5 indicates that the term "firearms offense" is meant to refer to certain aggravated felonies that trigger an enhancement pursuant to S 2L1.2(b) (1)(A), the guideline provision under which Castillo's sentence was enhanced. Furthermore, S 1101(a)(43)(E)(ii)includes a parenthetical after listing particular offenses such as S 922(g)(1) that describes them as "relating to firearms offenses." 8 U.S.C. S 1101(a)(43)(E)(ii). Thus the guideline itself also clearly anticipated that "similar " state firearms offenses would constitute aggravated felonies underS 1101(a) (43)(E). As discussed above, requiring a commerce nexus as a necessary element of a state firearms offense would essentially eliminate the possibility of any analogous state conviction qualifying as an aggravated felony.
 
 
 21
 Finally, we have previously characterized the commerce element of S 922(g) as essentially nothing more than a mere jurisdictional requirement that is not meant to narrow the substantive offense of possession of a firearm by a felon. Upholding the provision against a constitutional challenge after United States v. Lopez, 514 U.S. 549 (1995), we stated:
 
 
 22
 As the Supreme Court noted in discussing section 1202(a) [the predecessor of 18 U.S.C. S 922(g)(1)], "Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred." Scarborough [v. United States], 431 U.S. [563,] 577 [(1977)]. In amalgamating sections 922(g), 922(h), and 1202(a), Congress gave no indi cation that it meant to narrow the statutory reach with respect to possession. Accordingly, we hold that the Scarborough minimal nexus standard applies to section 922(g) and that a past connection is enough.
 
 
 23
 United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir. 1995) (quoting United States v. Sherbondy, 865 F.2d 996, 1000-01 (9th Cir. 1988)). Consequently, we do not believe that this minimal jurisdictional nexus was meant substantially to narrow or to eliminate the range of state offenses that Congress intended to incorporate under S 1101(a)(43)(E)(ii) when it defined aggravated felony as "an offense as described" in 18 U.S.C. S 922(g). We thus hold that a state felon in possession offense is not required to include a commerce nexus as one of its elements in order to qualify as an aggravated felony for sentencing purposes.[5]
 
 B. Apprendi Challenge
 
 24
 Castillo raises for the first time on appeal the contention that his sentence violates his constitutional rights under Apprendi because his prior aggravated felony conviction was neither admitted nor proven to a jury beyond a reasonable doubt. A claim under Apprendi raised for the first time on appeal is reviewed for plain error. United States v. Nordby, 225 F.3d 1053, 1059-60 (9th Cir. 2000).
 
 
 25
 Our recent decision in United States v. Pacheco-Zepeda, 234 F.3d 411 (9th Cir. 2001), however, forecloses Castillo's Apprendi claim:
 
 
 26
 [Almendarez-Torres v. United States], 523 U.S. 224 (1998)] is dispositive here. The district court was entitled to consider any prior aggravated felony con victions in sentencing Pacheco-Zepeda for illegal reentry even though such conduct had not been charged in the indictment, presented to a jury, and proved beyond a reasonable doubt.
 
 
 27
 Id. at 413. Upholding a sentence enhancement under analogous circumstances, we specifically rejected in Pacheco-Zepeda the same argument Castillo makes that Almendarez-Torres is no longer viable precedent and that it should be limited strictly to its unique facts (i.e., defendant admitted his prior aggravated felony convictions on the record). Id. at 415. Moreover, Pacheco-Zepeda leaves no doubt that the recidivism exception to Apprendi's holding is not, contrary to Castillo's suggestion, somehow inapplicable to an aggravated felony enhancement under 8 U.S.C. S 1326 because removal must have been subsequent to an aggravated felony conviction. The Supreme Court "unmistakably carved out an exception for `prior convictions' that specifically preserved the holding of Almendarez-Torres." Id. at 415.
 
 III. Conclusion
 
 28
 We conclude that Castillo's prior state conviction for being a felon in possession of a firearm under CPC S 12021(a) constitutes an aggravated felony "as an offense described in" 18 U.S.C. S 922(g)(1), pursuant to U.S.S.G. S 2L1.2(b)(1)(A) and 8 U.S.C. S 1101(a)(43)(E)(ii). We also deny his Apprendi challenge to the sentence enhancement imposed. Accordingly, the sentence is
 
 
 29
 AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.
 
 
 [1]
 Section 12021(a)(1) provides:
 Any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or of an offense enumerated in subdivi sion (a), (b), or (d) of Section 12001.6, or who is addicted to the use of any narcotic drug, who owns or has in his her possession or under his or her custody or control any firearm is guilty of a felony.
 Cal. Pen. Code S 12021(a)(1).
 
 
 [2]
 Section 922(g)(1) provides:
 It shall be unlawful for any person
 (1) who has been convicted in any court of, a crime punish able by imprisonment for a term exceeding one year;
 . . .
 to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 18 U.S.C. S 922(g)(1).
 
 
 [3]
 The California felony complaint to which Castillo pled guilty provided:
 Count 1: On or about 8-20-92, JOSE RIVERA CASTILLO, in violation of Section 12021(a) of the Penal Code, a FELONY, did willfully and unlawfully own and have in his/her possession and under his/her custody and control a firearm, to wit: HANDGUN, the said defendant having theretofore been duly and legally con victed of a felony, to wit, the crime of ROBBERY in violation of Section 212.5(B) of the Penal Code on 2-28-92, by and before the SUPERIOR Court of the State of CALIFORNIA, in and for the County of ORANGE.
 
 
 [4]
 We also note that the aggravated felony statute explicitly includes predicate offenses "in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years." 8 U.S.C. S 1101(a)(43). Needless to say, a foreign offense would likely never contain an interstate commerce nexus. Although a foreign commerce nexus would be a possibility, there is still no reason to believe that anything other than a negligible number of foreign offenses would qualify because it is the Commerce Clause of the U.S. Constitution that lends such an element any legal significance. See U.S. Const. Art. I, S 8, cl. 3.
 
 
 [5]
 Because we hold that Castillo's prior conviction under CPC S 12021(a) is an aggravated felony under S 1101(a)(43)(E), we do not reach the government's alternative contention that the same conviction also constitutes an aggravated felony under 8 U.S.C. S 1101(a)(43)(F).