**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miguel BARAJAS–SERRATO,
Defendant–Appellant.**

No. 00–10408.

D.C. No. CV–00–00017–SI.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.[1]

Decided May 30, 2001.

Before PREGERSON, FERNANDEZ,
and WARDLAW, Circuit Judges.

MEMORANDUM [2]

Miguel Barajas–Serrato appeals the judgment of conviction and 40–month sentence imposed after his guilty plea to being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. Barajas–Serrato contends that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), section 1326(b)(2) is unconstitutional because it allows a court to increase the maximum penalty at sentencing, based on whether a defendant was deported subsequent to a prior conviction for an aggravated felony, without submitting this fact to a jury for proof beyond a reasonable doubt. This contention is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (upholding enhancement where the defendant admitted to underlying felony convictions and subsequent deportation) and by *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000), *as amended* (Feb. 8, 2001), *cert. denied*, —— U.S. ——, 121 S.Ct. 1503, —— L.Ed.2d —— (2001). *See United States v. Castillo–Rivera*, 244 F.3d 1020 (9th Cir.2001).

AFFIRMED.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

