**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge DE LA TORRE–CHAVEZ, Defendant–Appellant.**

No. 00–50051.
D.C. No. CR–99–00530–NMM.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[1]

Decided June 1, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

### MEMORANDUM [2]

Jorge de la Torre–Chavez appeals the 57–month sentence imposed following his guilty plea to being an illegal alien found in the United States following deportation. De la Torre–Chavez contends that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence must be vacated because it ex-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ceeds the two-year maximum set forth in 8 U.S.C. § 1326(a) based upon a prior felony to which he did not admit and which was not proven beyond a reasonable doubt to a jury. De la Torre–Chavez also contends that *Apprendi* renders inapplicable *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense), because he did not admit that his removal from the United States was subsequent to his conviction of an aggravated felony. His arguments are foreclosed by this court's recent decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000), *amended* (Feb. 8, 2001) (order). *United States v. Castillo Rivera*, 244 F.3d 1020, 1024–1025 (9th Cir.2001).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.