UNITED STATES of America,
Plaintiff–Appellee,

v.

Artemio SALGADO–CASTILLO,
Defendant–Appellant.

No. 00–50254.
D.C. No. CR–99–00117–GLT.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.[1]

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM [2]

Artemio Salgado–Castillo appeals the 57–month sentence imposed following his guilty plea to being an alien found in the United States following deportation. Salgado–Castillo contends that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred in imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based upon a prior felony to which he did not admit, and which was not submitted to a jury and proven beyond a reasonable doubt. He also contends that *Apprendi* renders inapplicable *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** The motion of the United States to dismiss the appeal is denied.

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense), because he did not admit to an aggravated felony. His arguments are foreclosed by this court's recent decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000), *as amended* (Feb. 8, 2001). *United States v. Castillo Rivera*, 244 F.3d 1020, 1024–45 (9th Cir.2001).

AFFIRMED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.