**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Panfilo HERNANDEZ–RANGEL,**
**Defendant–Appellant.**

**No. 00–10569.**

**D.C. No. CR–00–00076–ECR(VPC).**

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

Before KOZINSKI, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Panfilo Hernandez–Rangel appeals the 41–month sentence imposed following his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

guilty plea to illegal reentry of a deported alien. Hernandez–Rangel contends that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred in imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based upon a prior felony to which he did not admit at his sentencing hearing, and which was not submitted to a jury and proven beyond a reasonable doubt. He also contends that *Apprendi* renders inapplicable *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense), because he did not admit to an aggravated felony at his sentencing hearing. His arguments are foreclosed by this court's recent decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir. 2000), *as amended* (Feb. 8, 2001). *United States v. Castillo–Rivera,* 244 F.3d 1020, 1024–25 (9th Cir.2001).

The sentence is AFFIRMED. This matter is REMANDED to the district court with directions to correct the judgment of conviction to exclude the reference to 8 U.S.C. § 1326(b), consistent with *United States v. Rivera–Sanchez,* 222 F.3d 1057 (9th Cir.2000). *United States v. Herrera–Blanco,* 232 F.3d 715, 719 (2000).

AFFIRMED.