**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel BOJORQUEZ–**
**BRACAMONTES, Defendant–Appellant.**

**No. 00–50766.**

**D.C. No. CR–00–02212–IEG.**

United States Court of Appeals,
Ninth Circuit.

---

1. Because the panel unanimously finds this case suitable for decision without oral argument, Hart's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

Submitted July 19, 2001[1].

Decided July 31, 2001.

Before KOZINSKI, T.G. NELSON and TALLMAN, Circuit Judges.

## MEMORANDUM[2]

Manuel Bojorquez–Bracamontes appeals the 41–month sentence imposed following his guilty plea to attempted entry after deportation. Bojorquez–Bracamontes contends that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred in imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based upon a prior felony to which he did not admit at his change of plea hearing, and which was not submitted to a jury and proven beyond a reasonable doubt. He also contends that § 1326(b) is unconstitutional in light of *Apprendi*, and that *Apprendi* renders inapplicable *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense), because he did not admit to an aggravated felony at his sentencing hearing. His arguments are foreclosed by this court's recent decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir. 2000), *as amended* (Feb. 8, 2001). *United*

*States v. Castillo–Rivera*, 244 F.3d 1020, 1024–25 (9th Cir.2001).

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.