**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Jesus Manuel HERNANDEZ,**
**Defendant–Appellant.**

**No. 00–50635.**
**D.C. No. CR–99–00595–CAS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 27, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hernandez's request for oral argument is denied.

**442**

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Jesus Manuel Hernandez appeals his 70 month sentence imposed following a guilty plea conviction for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and 18 U.S.C. § 3742. We affirm.

■ First, Hernandez contends that the district court improperly enhanced his sentence under 8 U.S.C. § 1326(b)(2) based on a prior aggravated felony that was not charged in the indictment, proven beyond a reasonable doubt at trial or admitted to on the record. Specifically, Hernandez argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), rather than *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) governs his case because he challenged the use of his

prior conviction to enhance his sentence and pleaded guilty rather than go to trial.

We review de novo, *see United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001), and conclude that Hernandez's argument is unpersuasive. *See Arellano–Rivera*, 244 F.3d at 1127 (holding that *Apprendi* did not overrule *Almendarez–Torres* ); *United States v. Castillo–Rivera*, 244 F.3d 1020, 1024 (9th Cir.2001) (upholding enhancement where defendant pleaded guilty and challenged use of prior conviction to enhance his sentence).

■ Second, Hernandez challenges, as a matter of law, the district court's discretionary refusal to depart based on cultural assimilation. Hernandez argues that his facts are sufficiently unusual to take his case outside the relevant Guideline's "heartland," and the only justification for the district court's decision not to depart was its erroneous reliance on the probation officer's suggestion that comparison of his case to others within its own district and caseload constituted a proper "heartland" analysis.

Although Hernandez is correct that we may review, for an abuse of discretion, a district court's sentencing decision if it makes an error of law, *see United States v. Banuelos–Rodriguez*, 215 F.3d 969, 979 (9th Cir.2000), we disagree that the district court made such an error in this case. Our review of the record shows that the district court expressly considered the factual support for Hernandez's argument, and simply declined to exercise its discretion to depart without a lengthy explanation for its decision. *See United States v. Garcia–Garcia*, 927 F.2d 489, 491 (9th Cir. 1991) (stating a district court has no obligation to state its reasons for declining to depart). Therefore, we lack jurisdiction to review the district court's discretionary re-

fusal to depart from the Guidelines. *United States v. Lipman*, 133 F.3d 726, 732 (9th Cir.1998).

Finally, we reject Hernandez's alternative contention that the district court erred by failing to adequately explain its decision not to depart as required under 18 U.S.C. § 3553(c). *See Garcia–Garcia*, 927 F.2d at 490 (stating that section 3553(c)(1) only requires a statement of reasons for imposing a sentence at a particular point within a guideline range, if that range exceeds 24 months); *United States v. Howard*, 894 F.2d 1085, 1092 (9th Cir.1990) (defining the term range as used in section 3553(c)(1) as the span of time within a category rather than the minimum sentence available in the category).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.