**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose De Jesus OROZCO–TREJO,
Defendant—Appellant.**

**No. 05–50577.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Carol A. Trujillo, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Lupe C. Rodriguez, Ramirez and Rodriguez, San Diego, CA, for Defendant–Appellant.

Fed. R.App. P. 34(a)(2).

Before ALARCON, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Jose De Jesus Orozco–Trejo appeals from the sentence imposed following his guilty plea to unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326.

█ Orozco–Trejo contends that district court err by sentencing him to a term of 64 months when he only pled to the elements of 8 U.S.C. § 1326(a), which carries a maximum sentence of two years and that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no longer good law in light of intervening Supreme Court decisions, specifically *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). These contentions are foreclosed. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1093 (9th Cir.2006) (rejecting after *Shepard* and *Haley*, the specific contention that a section 1326(b) enhancement cannot be applied where the defendant did not admit his prior conviction during a guilty plea); *United States v. Weiland*, 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres* even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

█ We also reject Orozco–Trejo's contention that the enhanced sentence was inappropriate because the government did not allege, nor did Orozco–Trejo admit, the date of his deportation. *See United States v. Castillo–Rivera*, 244 F.3d 1020, 1024–25 (9th Cir.2001) (holding that a temporal relationship is not required); *see also United States v. Hernandez–Hernandez*, 431 F.3d 1212, 1216–17 (9th Cir.2005) (rejecting a Sixth Amendment challenge where the indictment did not specify that the deportation was subsequent to the predicate conviction).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

