UNITED STATES of America,
Plaintiff—Appellee,

v.

Gildardo RAMIREZ–VALERIO,
Defendant—Appellant.

No. 05–30529.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

James M. Peters, Esq., USBO—Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Samuel Richard Rubin, Esq., FDWAID—Federal Defenders of Eastern Washington & Idaho, Boise, ID, Tracy Stabb, Spokane, WA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**632**

MEMORANDUM **

Gildardo Ramirez–Valerio appeals from the 46–month sentence imposed after his guilty-plea conviction for illegal re-entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Ramirez–Valerio's contentions regarding *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), are foreclosed by Ninth Circuit case law. *See United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that the court continues to be bound by the Supreme Court's holding in *Almendarez–Torres* ); *see also United States v. Velasquez–Reyes*, 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting contention that the government is required to plead prior convictions in the indictment and prove them to a jury unless the defendant admits the prior convictions); *United States v. Ochoa–Gaytan*, 265 F.3d 837, 845–46 (9th Cir.2001) (holding that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), carved out an exception for prior convictions that specifically preserved the holding of *Almendarez–Torres* ); *United States v. Castillo–Rivera*, 244 F.3d 1020, 1025 (9th Cir. 2001) (rejecting contention that the temporal relationship of the removal to the prior conviction is a fact beyond the scope of the prior-convictions exception); *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2000) (rejecting contention that *Almendarez–Torres* should be "strictly limited" to its specific facts).

Finally, a review of the record convinces us that the district court imposed a reasonable sentence. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.),

*cert. denied*, —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

