**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Fidel CISNEROS–GONZALEZ,**
**Defendant—Appellant.**

Nos. 05–30599, 06–30000.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Kimberly Deater, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Fidel Cisneros–Gonzalez appeals from his 30–month sentence, imposed following his guilty plea to being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326, and from his consecutive 21–month sentence, imposed following revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cisneros–Gonzalez contends that pursuant to *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), the doctrine of avoidance of constitutional doubt requires that 8 U.S.C. § 1326 be construed such that the fact of removal subsequent to prior conviction must be admitted by the defendant or determined by a jury beyond a reasonable doubt. This Court, however, has rejected the contention that the temporal relationship between removal and a prior conviction is beyond the scope of the recidivism exception announced in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1219, 140 L.Ed.2d 350 (1998). *See United States v. Castillo–Rivera*, 244 F.3d 1020, 1025 (9th Cir.2001). Therefore, the doctrine of avoidance of constitutional doubt does not require § 1326 to be construed otherwise. Likewise, Cisneros–Gonzalez's contentions that *Almendarez–Torres* has been overruled, or can be otherwise distinguished, are foreclosed by *United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006).

Cisneros–Gonzalez also contends that imposition of consecutive sentences was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), on the grounds that the district court mistakenly concluded that consecutive sentences were mandatory, and failed to consider whether imposition of consecutive sentences resulted in a term of imprisonment sufficient but not greater than necessary to comply with the relevant purposes set forth by 18 U.S.C. § 3553(a). The record reflects, however, that the district court was aware that it had discretion to impose a concurrent sentence, and properly considered factors set forth by 18 U.S.C. § 3553(a). We conclude that the sentences, imposed within the Guidelines ranges, are not unreasonable under *Booker, see United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 771 (9th Cir.2006), and the judgments are AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.