**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luis GUTIERREZ–HERNANDEZ,
Defendant–Appellant.**

No. 06–30173.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2006 *.

Filed Nov. 15, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Tracy Staab, Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: ALARCÓN, RYMER, and BERZON, Circuit Judges.

MEMORANDUM **

Luis Gutierrez–Hernandez appeals the sentence imposed following his guilty plea to violating 8 U.S.C. § 1326. We affirm.

Gutierrez–Hernandez argues that his criminal history score should not have included points under U.S.S.G. § 4A1.2(c) for misdemeanor convictions that resulted in totally suspended prison sentences. He also argues that the district court erred in increasing his statutory maximum sentence under 8 U.S.C. § 1326(b)(2). He claims that the district court could not constitutionally find that he was removed "subsequent to" a prior conviction because this is a "fact" about his prior conviction. Finally, Gutierrez–Hernandez argues that *Almendarez–Torres v. U.S.*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no longer good law.

These arguments are foreclosed. *See United States v. Williams*, 291 F.3d 1180, 1195 (9th Cir.2002) (noting that "the definition of 'prior sentence' in the Guidelines includes suspended sentences for convictions that receive one criminal history point each"); *United States v. Castillo–Rivera*, 244 F.3d 1020, 1025 (9th Cir.2001) (rejecting claim that "subsequent to" finding is beyond the scope of the prior conviction exception); *United States v. Weiland*, 420 F.3d 1062, 1079–80 n. 16 (9th Cir.2005) (holding that we remain bound to follow *Almendarez–Torres* unless it is explicitly overruled by the United States Supreme Court).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.