Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Richard Brown appeals the district court's determination that his delinquent student loan debts were not discharged in prior bankruptcy proceedings. We affirm.

## DISCUSSION

"Generally, student loan obligations are presumed to be nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(8)." *In re Rifino*, 245 F.3d 1083, 1087 (9th Cir.2001). While there are exceptions, Brown has not demonstrated that he qualified for such relief. His first bankruptcy petition was filed before the expiration of the five-year period specified in the former version of § 523(a)(8). Although this Chapter 13 petition was later converted to a Chapter 7 petition after the five-year period, the conversion did not change the date of filing. *See In re Hines*, 147 F.3d 1185, 1188 n. 5 (9th Cir.1998) (citing 11 U.S.C. § 348(a)). Brown also failed to file an adversary complaint or otherwise seek a ruling from the bankruptcy court that his student loans should be discharged because of undue hardship. *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 451–52, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) (noting student loan debtor is required to file an adversary proceeding by service of a summons and complaint). Moreover, the bankruptcy

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's discharge orders specifically noted that student loans are not generally dischargeable pursuant to § 523(a)(8).

Finally, there is no statute of limitations that bars collection of defaulted student loans. *See United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir.1994) (citing 20 U.S.C. § 1091a(a)). We will not consider Brown's argument raised for the first time on appeal that defendants are not the real parties in interest. *See In re Focus Media, Inc.*, 378 F.3d 916, 924 n. 7 (9th Cir.2004) (noting an argument raised for the first time on appeal is waived).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gilberto JASSO–RIOS, Defendant—**
**Appellant.**

**No. 06–50413.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2007.*

Filed May 10, 2007.

Timothy F. Salel, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew C. Shaftel, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM **

Gilberto Jasso–Rios appeals his sentence imposed following his guilty plea to being found in the United States after illegal re-entry in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

Appellant's challenges to the sufficiency of his subsequent reinstated removal and stipulated removal orders are precluded by *United States v. Luna–Madellaga,* 315 F.3d 1224, 1226 (9th Cir.2003); *see also Morales–Izquierdo v. Gonzales,* 477 F.3d 691, 704–05 (9th Cir.2007) (en banc).

With respect to proof of the date of removal, irrespective of whether we follow the standard articulated in *United States v. Castillo–Rivera,* 244 F.3d 1020 (9th Cir. 2001), or that in *United States v. Covian–Sandoval,* 462 F.3d 1090 (9th Cir.2006), *cert. denied,* — U.S. —, 127 S.Ct. 1866, 167 L.Ed.2d 355 (2007), the district court did not commit plain error. Under *Castillo–Rivera,* the proceedings did not involve error because "the fact that the removal was subsequent to the prior conviction [need not] be proved to a jury." *United States v. Lopez,* 469 F.3d 1241, 1248 (9th Cir.2006). Alternatively, pursuant to *Covian–Sandoval,* any error did not affect the

appellant's "substantial rights" because the appellant did not contest that he was actually physically removed on the relevant dates. *See* 462 F.3d at 1098–99. In any event, the certified administrative records established beyond a reasonable doubt that the appellant was physically removed numerous times after his felony conviction. *United States v. Zepeda–Martinez,* 470 F.3d 909, 913 (9th Cir.2006).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

