**Darlito PAPAGAYO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74796.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 2007 *.

Filed Aug. 27, 2007.

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Darlito Papagayo, Santa Clara, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Melissa Neiman–Kelting, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON,** District Judge.

## MEMORANDUM ***

Darlito Papagayo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. Reviewing de novo, *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006), we deny the petition for review.

1. Papagayo's contention that his firearms offense is not an aggravated felony is foreclosed by *United States v. Castillo–Rivera,* 244 F.3d 1020, 1023–24 (9th Cir. 2001). Papagayo contends that the aggravated felony definition may be construed one way in the sentencing context and another in the immigration context, citing *Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905 (9th Cir.2004). None of the concerns articulated in *Cazarez–Gutierrez* apply here, however. *Cf. Lopez v. Gonzales,* —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).

2. Papagayo's conviction for possession for sale of methamphetamine in violation of Cal. Health & Safety Code § 11378 precisely corresponds to a federal felony under the Controlled Substances Act, *see* 21 U.S.C. § 841(a)(1), and is therefore an aggravated felony for immigration purposes. *See* 8 U.S.C. § 1101(a)(43)(B); *Cazarez–Gutierrez,* 382 F.3d at 909–10. Papagayo's contention that use of a firearm is required for an offense to constitute "a drug trafficking crime" under 8 U.S.C. § 1101(a)(43)(B) because 18 U.S.C. § 924(c)(2) neighbors provisions prohibiting drug trafficking that involves firearms is unpersuasive. Various subsections of a statutory section need not incorporate all the elements of the other subsections, so there is no basis or inference from which to conclude that the definition of "drug trafficking crime" provided in § 924(c)(2) incorporates the element of use of a firearm.

Papagayo's motion to strike is granted in part. *See* 9th Cir. R. 36–3(c). The references in respondent's brief to an unpublished Ninth Circuit disposition filed before January 1, 2007 are stricken, as is the brief's addendum.

**PETITION FOR REVIEW DENIED.**

---

Fed. R.App. P. 34(a)(2).

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.