**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVIN ALEJANDRO ABREGO-HERNANDEZ, | No. 07-73916 |
| Petitioner, | Agency No. A043-735-121 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Evin Alejandro Abrego-Hernandez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IH/Research

cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo questions of law, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

The transcript of the plea colloquy in the record establishes that Abrego-Hernandez pled "no contest" to the California offense of being a felon in possession of a firearm. The agency accordingly did not err in concluding that Abrego-Hernandez's conviction for violating California Penal Code § 12021(a)(1) was for an offense "described in" 18 U.S.C. § 922(g)(1) and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(ii). *See United States v. De Jesus Castillo-Rivera*, 244 F.3d 1020, 1023 (9th Cir. 2001); *see also* 8 U.S.C. § 1101(a)(48)(A) (a plea of nolo contendre resulting in some form of punishment is a conviction for immigration purposes).

We reject Abrego-Hernandez's contentions regarding his allegedly defective criminal convictions, as we cannot collaterally reexamine these convictions here. *See Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir. 1995).

Substantial evidence supports the agency's denial of withholding of removal on the ground that Abrego-Hernandez failed to establish a nexus to a statutorily protected ground. *See Arteaga v. Mukasey*, 511 F.3d 940, 946 (9th Cir. 2007); *Lim v. INS*, 224 F.3d 929, 938 (9th Cir. 2000).

Finally, substantial evidence supports the agency's denial of CAT relief because Abrego-Hernandez did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Salvadoran government. *See Arteaga*, 511 F.3d at 948-49.

**PETITION FOR REVIEW DENIED.**