**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIRGILIO ANAYA-ORTIZ, | No. 03-74666 |
| Petitioner, | |
| v. | Agency No. A092-962-367 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 6, 2007
Pasadena, California

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON, ** Senior
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James K. Singleton, United States District Judge for
the District of Alaska, sitting by designation.

Anaya argues that his conviction for being a felon in possession of a firearm under California Penal Code § 12021(a)(1) does not qualify as an "aggravated felony" conviction under 8 U.S.C. § 1101(a)(43)(E)(ii).[1]  We disagree.

Under the framework articulated in *Taylor v. United States*, 495 U.S. 575 (1990), the IJ and BIA did not err in determining that Anaya was convicted of all the elements of an "aggravated felony" under § 1101(a)(43)(E)(ii), and in holding he was removable under § 1227(a)(2)(A)(iii).  The state statute of conviction, California Penal Code § 12021(a)(1), qualifies as a generic federal offense of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), notwithstanding the fact that § 922(g)(1) includes an interstate commerce element not present in the state offense.  *See United States v. Castillo-Rivera*, 244 F.3d 1020, 1024 (9th Cir. 2001) (holding that a state crime of conviction need not have the interstate commerce element contained in 18 U.S.C. § 922(g)(1) to qualify as an aggravated felony under § 1101(a)(43)(E)(ii)).

Anaya did not raise before the BIA (or in his brief to this court) any argument under the modified categorical approach, concerning the adequacy of the

---

[1] In this memorandum disposition, we consider only Anaya's claim that the IJ and BIA erred in holding that he was removable as an aggravated felon under § 1101(a)(43)(E)(ii).  In a concurrently filed opinion, we address his argument that the IJ and BIA erred is holding he was not eligible for withholding of removal because his drunk driving conviction under California Vehicle Code § 23153(b) does not constitute a conviction of a "particularly serious crime."  *See Anaya-Ortiz v. Holder*, __ F.3d __ (9th Cir. 2010).

documents used to prove that the prior conviction under § 922(g) was for an aggravated felony. He therefore has not exhausted the question, and we may not decide it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); 8 U.S.C. § 1252(d)(1).

**PETITION DENIED**