**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30131 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00393-BR |
| v. | |
| JESUS RAMON DUARTE-ALDANA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted February 1, 2010[**]
Portland, Oregon

Before: RYMER, GOULD and BYBEE, Circuit Judges.

Defendant-Appellant Jesus R. Duarte-Aldana was convicted of one count of

illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). He appeals the

district court's decision to enhance his sentence under United States Sentencing

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(C), which increases an alien's offense level by eight if he was previously deported after "a conviction for an aggravated felony." Duarte-Aldana argues both: (1) that the prior conviction relied upon by the district court for the enhancement is not an "aggravated felony"; and (2) that even if this prior conviction does qualify as an "aggravated felony," the district court was barred by the doctrine of collateral estoppel from making such a determination. We reject both of these arguments and affirm.

I

By reference, the Sentencing Guidelines include in their definition of "aggravated felony" "an offense described in [18 U.S.C. § 922(g)]," the federal felon in possession statute. *See* U.S.S.G. § 2L1.2(b)(1)(C) & cmt. n.1; 8 U.S.C. § 1101(a)(43)(E)(ii). Section 922(g), in turn, makes it unlawful for previously convicted felons to "possess in or affecting commerce, any firearm . . . ." 18 U.S.C. § 922(g). Duarte-Aldana was convicted under Oregon Revised Statute § 166.270(1), which makes it unlawful for a person previously convicted of a felony to "own[] or ha[ve] in the person's possession or under the person's custody or control any firearm . . . ." Our inquiry is whether, under the categorical or modified categorical approach, *see Taylor v. United States*, 495 U.S. 575, 602 (1990), Duarte-Aldana's prior Oregon felon in possession conviction meets the

2

federal definition of felon in possession of a firearm set forth in 18 U.S.C. § 922(g).

We need not discuss the categorical approach because Duarte-Aldana's prior felon in possession conviction clearly qualifies as an "aggravated felony" under the modified categorical approach. The indictment in Duarte-Aldana's felon in possession case states that Duarte-Aldana "did unlawfully and knowingly have in [his] possession a firearm . . . ." Thus, the indictment demonstrates that Duarte-Aldana committed the generic crime of "possess[ing] . . . any firearm." 18 U.S.C. § 922(g); *see also United States v. Castillo-Rivera*, 244 F.3d 1020, 1023 & n.3 (9th Cir. 2001).

## II

In addition to the instant illegal reentry conviction, Duarte-Aldana was convicted for illegal reentry in 1998. In that case, the district court adopted the presentence report ("PSR") as its own findings and conclusions in applying a four-level enhancement to Duarte-Aldana's sentence under U.S.S.G. § 2L1.2(b)(1). The PSR listed Duarte-Aldana's prior Oregon conviction for being a felon in possession of a firearm in the criminal history section, but did not classify that conviction as an "aggravated felony." Thus, Duarte-Aldana argues that the issue of whether his felon in possession conviction qualifies as an "aggravated felony"

3

under § 2L1.2 was already litigated in his 1998 case, meaning that the district court in the present case was collaterally estopped from characterizing his felon in possession conviction as an "aggravated felony."

However, this is not an appropriate case for applying the doctrine of collateral estoppel. *See United States v. Arnett*, 327 F.3d 845, 848 (9th Cir. 2003) (establishing this court's test for determining when to apply the doctrine of collateral estoppel). The issue of whether Duarte-Aldana's prior conviction qualifies as an "aggravated felony" was not actually litigated in the 1998 illegal reentry case. Neither the government nor Duarte-Aldana objected to the PSR's Guidelines calculation in the 1998 sentencing proceeding, and the district court did not discuss whether Duarte-Aldana's felon in possession conviction qualified as an "aggravated felony."

**AFFIRMED.**

4