**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO HIDALGO-CHAVEZ, | No. 12-72583 |
| Petitioner, | Agency No. A027-587-144 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Ricardo Hidalgo-Chavez, a native and citizen of Mexico, petitions pro se for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's deportation order. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for substantial evidence factual

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

determinations, *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001), and review de novo questions of law, *Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 885 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

Hidalgo-Chavez's challenge to the agency's inadmissibility determination is unavailing because the agency found him inadmissible based not on his convictions but rather on his entry without inspection, which he conceded and which the record adequately supports.  *See* 8 U.S.C. § 1231(a)(2) (repealed 1997).

The agency correctly concluded that Hidalgo-Chavez's 1991 conviction under California Penal Code § 12021(a) constitutes an aggravated-felony conviction under 8 U.S.C. § 1101(a)(43).  *See United States v. Castillo-Rivera*, 244 F.3d 1020, 1023 (9th Cir. 2001) (concluding that the defendant possessed a conviction for the generic aggravated-felony offense of "being a felon in possession of a handgun" based on his plea to a complaint alleging that he had possessed a handgun after having previously been convicted of a felony).  Our case law forecloses Hidalgo-Chavez's contrary contentions.  *See Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 852 (9th Cir. 2006) ("[T]he effective-date provision of the *definitional* [aggravated-felony] statute . . . applies *regardless* of the date of the commission of the crime."); *Castillo-Rivera*, 244 F.3d at 1023 ("[A] state felon in

possession offense is not required to include a commerce nexus as one of its elements in order to qualify as an aggravated felony . . . .").

Substantial evidence supports the agency's determination that Hidalgo-Chavez's aggravated-felony conviction renders him statutorily ineligible for suspension of deportation. *See Ramos*, 246 F.3d at 1265-66 (requiring suspension applicants to demonstrate "good moral character" (citation and internal quotation marks omitted)); *Castiglia v. INS*, 108 F.3d 1101, 1103 (9th Cir. 1997) ("[Title 8 of U.S.C.] § 1101(f)(8) . . . bars from proving good moral character an applicant who at *any time* has been convicted of an aggravated felony.").

We lack jurisdiction to consider Hidalgo-Chavez's pretensions of eligibility for adjustment of status and a former section 212(c) waiver of inadmissibility because he failed to exhaust these issues before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**